[Cite as *State v. Peace*, 2014-Ohio-2126.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

 PLAINTIFF-APPELLEE,       CASE NO. 5-13-32

 v.

TODD E. PEACE,          **O P I N I O N**

 DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 1997 CR 29

Judgment Reversed and Cause Remanded

Date of Decision: May 19, 2014

APPEARANCES:

 *William T. Cramer* **for Appellant**

 *Mark C. Miller* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Todd E. Peace ("Peace"), appeals the September 23, 2013 judgment of the Hancock County Court of Common Pleas imposing a mandatory five year term of postrelease control.

{¶2} On November 9, 1998, the trial court entered a judgment finding Peace guilty of aggravated murder, aggravated arson, and tampering with evidence. On February 11, 1999, the trial court sentenced Peace to a life prison term with parole eligibility after 20 years for the aggravated murder offense, a nine year prison term for the aggravated arson offense, and a four year prison term for the tampering with evidence offense. The trial court ordered that the "prison terms are to be served consecutively, one after the other, for an aggregate prison term of life with parole eligibility after serving thirty-three (33) years." (Doc. No. 103 at 3).

{¶3} In April of 2011, Peace moved to withdraw his guilty plea. The trial court denied Peace's motion and Peace appealed to this Court, asserting a number of assignments of error. In a judgment entry without opinion, we remanded this matter to the trial court because it had failed to properly impose postrelease control.

{¶4} On January 9, 2012, the trial court conducted a limited resentencing hearing. The hearing was conducted via videoconference. During the hearing, the

trial court denied Peace's request for counsel, stating that the hearing was an administrative proceeding which did not invoke the right to counsel.

{¶5} Peace appealed the trial court's imposition of postrelease control arguing, in part, that the trial court erred in denying his request for counsel. This Court subsequently issued an opinion concluding that the trial court improperly denied Peace's request for counsel and remanded the matter to the trial court. *State v. Peace,* 3d Dist. Hancock No. 5-12-04, 2012-Ohio-6118, ¶ 19 (Willamowski, J., dissenting).

{¶6} On March 27, 2013, the trial court conducted a hearing to impose postrelease control where Peace appeared in person with defense counsel present. The trial court imposed a mandatory period of five years of postrelease control.

{¶7} Peace appeals the trial court's imposition of postrelease control, asserting the following assignment of error.

> **THE TRIAL COURT ERRED BY IMPOSING POSTRELEASE CONTROL AFTER APPELLANT HAS COMPLETED THE ELIGIBLE OFFENSES.**

{¶8} In his sole assignment of error, Peace argues that the trial court lacked the authority to impose postrelease control because at the time of the March 2013 hearing he had already served his thirteen year prison term for the aggravated arson and the tampering with evidence offenses, which were the only two offenses to which he was sentenced that the postrelease control sanction applied.

Specifically, Peace relies on the recent decision of the Supreme Court of Ohio, *State v. Holdcroft*, in which the Court held that "a trial court cannot add a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses."  137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 1.[1]

{¶9} Section 5120-2-03.1(M) of the Ohio Administrative Code describes the manner in which the time served by an offender is to be allocated when the offender is sentenced to a stated prison term consecutive to a life prison term:

> **When an offender is serving any stated prison terms consecutively to any life terms of imprisonment and/or to any one, three, five and/or six-year mandatory prison terms imposed pursuant to division (D)(1)(a)(i) of section 2929.14 the Revised Code, for using a firearm in the commission of an offense, and/or division (D)(1)(a)(ii) of section 2929.14 of the Revised Code, for committing a felony by discharging a firearm from a motor vehicle, the aggregate of all such one, three, five and/or six-year mandatory prison terms shall be served first, then the aggregate of all other mandatory prison terms shall be served, and then the aggregate of the non-mandatory portion of the stated prison terms shall be served, and then the aggregate of the non-mandatory portion of the life terms of imprisonment shall be served.**

{¶10} According to OAC 5120-2-03.1(M), Peace's time served is to be first allocated to the stated prison terms of nine years and four years for the aggravated arson and the tampering with evidence offenses.  At the time of the March 2013 hearing, Peace had completed the prison terms for these offenses and was serving

---

[1] We note that the Supreme Court's decision in *Holdcroft* was released on November 20, 2013, after the trial court imposed postrelease control and while this case was pending on appeal.

time for the life prison term for the aggravated murder offense. We note that aggravated murder is an unclassified felony to which the postrelease control sanction does not apply. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36.

{¶11} Therefore, pursuant to the Supreme Court's holding in *Holdcroft* and by operation of OAC 5120-2-03.1(M), the trial court was without the authority to impose the term of postrelease control because at the time of the hearing Peace had already completed the stated prison terms for the aggravated arson and the tampering with evidence offenses, which were the only portion of his aggregate sentence to which the postrelease control sanction applied.

{¶12} Accordingly, Peace's assignment of error is sustained. The judgment is reversed and we remand this case to the trial court with instructions to vacate the imposition of postrelease control.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**