[Cite as *State v. Evans*, 2015-Ohio-3208.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                              :           APPEAL NO. C-140503
                                                        TRIAL NO. B-0510014
    Plaintiff-Appellee,               :

  vs.                                    :           *O P I N I O N.*

LEONARD EVANS,                              :

    Defendant-Appellant.              :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:  August 12, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Leonard Evans*, pro se.


Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant Leonard Evans appeals the Hamilton County Common Pleas Court's judgments overruling three postconviction motions. We affirm the judgments as modified, but remand for correction of errors in the imposition of postrelease control and in the statement of the sum of his prison sentences.

{¶2} Evans was convicted in 2006 of murder with a firearm specification, carrying a concealed weapon, and having weapons under a disability. He unsuccessfully challenged his convictions on direct appeal, *State v. Evans*, 1st Dist. Hamilton No. C-060392 (Jan. 23, 2008), and in postconviction motions filed in 2014. He appeals here from the overruling of his May 2014 "Motion for Sentencing and Issuance of a Final Appealable Order," June 2014 "Motion for Establishment of a Date Certain for Oral Hearing Pursuant to * * * Crim.R. 43(A)," and July 2014 "Motion for Resentencing Pursuant to * * * Crim.R. 32(A)(1)." On appeal, he presents two assignments of error. The assignments of error essentially restate the claims advanced in his motions and may thus be read together to challenge the denial of the relief sought in those motions.

### *No Jurisdiction under the Postconviction Statutes*

{¶3} In his motions, Evans contended that his judgment of conviction was void because it did not satisfy the requirements for a final appealable order, because it did not correctly state his sentence for murder or his "total aggregate sentence," and because his sentences did not conform with the statutory mandates concerning postrelease control. He did not designate a statute or rule under which the relief sought might be granted. R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a

collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Evans's motions were reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶4} But Evans filed his motions well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes a common pleas court's jurisdiction to entertain a late or successive postconviction claim. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new, retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing his claim had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶5} The record on appeal does not, as it could not, demonstrate that but for the alleged errors, "no reasonable factfinder would have found [Evans] guilty of the offense[s] of which [he] was convicted." *See* R.C. 2953.23(A)(1). Thus, because he satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain his postconviction claims on their merits.

### *Jurisdiction to Correct Void Portion of Sentence*

{¶6} Nevertheless, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795,

3

856 N.E.2d 263, ¶ 18-19. And Evans's sentences are void to the extent that postrelease control was not properly imposed.

{¶7} The trial court sentenced Evans to consecutive prison terms of 15 years to life for murder and three years for the accompanying firearm specification, 18 months for carrying a concealed weapon, and five years for having weapons under a disability. The court also, at sentencing and in the judgment of conviction, imposed a mandatory five-year period of postrelease control.

{¶8} Evans's judgment of conviction was not, as he insists, subject to correction as void on the grounds that it lacked finality or improperly sentenced him for murder. The judgment satisfied the requirements for a final appealable order. *See* R.C. 2303.08, 2303.10, 2505.02, and Crim.R. 32(C). And Evans was properly sentenced for murder to an indefinite term of imprisonment of 15 years to life. *See* R.C. 2903.02(D) and 2929.02(B)(1).

{¶9} But Evans's sentences are void to the extent that the trial court failed to properly impose postrelease control. The postrelease-control statutes in effect in 2006, when Evans was sentenced, provided that a prison sentence imposed for a felony that is classified by degrees must "include a requirement that the offender be subject to a period of post-release control." And the statutes required that the offender be notified, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14(D), 2929.19(B)(2)(c) through (e), and 2967.28(B) and (C)); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State*

*v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 10-11. To the extent that a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and the void portion of the sentence is subject to review and correction at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27.

{¶10} The trial court notified Evans at sentencing that upon his release he would be subject to a mandatory period of postrelease control of five years and incorporated that notification into the judgment of conviction. But the postrelease-control statutes authorized a mandatory five-year period of postrelease control only for a first-degree felony or felony sex offense. *See* former R.C. 2929.19(B)(3)(c) and 2967.28(B)(1) (superseded by R.C. 2929.19(B)(2)(c) and 2967.28(B)(1)). The statutes did not authorize postrelease control for a special felony like murder. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *accord State v. Baker*, 1st Dist. Hamilton No. C-050791, 2006-Ohio-4902, ¶ 4-6. And for the third-degree felony of having weapons under a disability and the fourth-degree felony of carrying a concealed weapon, the statutes authorized only a discretionary three-year period of postrelease control. *See* former R.C. 2929.19(B)(3)(d) and 2967.28(C) (superseded by R.C. 2929.19(B)(2)(d) and 2967.28(C)).

{¶11} To the extent that Evans's sentences were not imposed in conformity with the postrelease-control statutes, they are void. And the common pleas court had jurisdiction to review and correct the offending portions of the sentences. *State v. Long*, 1st Dist. Hamilton No. C-100285, 2010-Ohio-6115.

### *Correction of Clerical Error*

{¶12} A court also may, at any time, correct a clerical error in a judgment. Crim.R. 36. Evans's judgment of conviction states that "[t]he total aggregate sentence [was] twenty-four (24) years and six (6) months in the department of corrections." But the sum of his prison sentences was 24½ years to life. The judgment's misstatement of the sum of his prison sentences constituted a clerical error subject to correction under Crim.R. 36.

### *Affirmed as Modified, but Remanded*

{¶13} Evans's postconviction motions were subject to dismissal, because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motions on their merits. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgments appealed from to reflect dismissals of the motions. And we affirm the judgments as modified.

{¶14} But Evans's sentences are void to the extent that they were not imposed in conformity with the statutory mandates concerning postrelease control. And the judgment of conviction did not accurately state the sum of his prison sentences. We, therefore, remand this cause for correction of the offending portions of his sentences and for correction of the clerical error in the judgment of conviction, in accordance with the law and this opinion.

Judgments affirmed as modified and cause remanded.

CUNNINGHAM, P.J., FISCHER and STAUTBERG, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.