[Cite as *State v. Minor*, 2016-Ohio-914.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| RENARDO MINOR | Case No. 15CA81 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                            Common Pleas, Case No. 99-CR-0372-D

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 7, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant


BAMBI COUCH PAGE                          RENARDO MINOR
Prosecuting Attorney                      Inmate No. 377-030
Richland County, Ohio                     Marion Correctional Institution
                                          PO Box 57
By: DANIEL M. ROGERS                      940 Marion-Williamsport Rd. E.
Assistant Prosecuting Attorney            Marion, Ohio 43302
38 South Park, Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1}   Defendant-appellant Renardo Minor appeals his sentence entered by the Richland County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF PROCEDURAL HISTORY

{¶2}   On July 15, 1999, the Richland County Grand Jury indicted Appellant on one count of aiding and abetting aggravated murder with a firearm specification, in violation of R.C. 2903.01(B), and one count of aiding and abetting aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1). The Indictment also charged Appellant's co-defendant, Ronald Leaks, with the same offenses. Said charges arose out of the March 12, 1999 robbery of Papa Johnny's Drive Thru in Mansfield, Ohio, and the murder of Clarence Jacocks, the store clerk.

{¶3}   Following a jury trial, Appellant was sentenced to a term of imprisonment of twenty years to life, and a consecutive ten year term of imprisonment for abetting aggravated robbery.  The firearm specifications carried two mandatory three year terms of imprisonment to be served consecutively.

{¶4}   This Court affirmed Appellant's convictions and sentences in *State v. Minor* (March 2, 2000), Richland App. No. 99CA63, unreported. On May 23, 2000, Appellant filed a Motion to Reopen Appeal, which this Court granted on limited issues via Judgment Entry filed June 21, 2000.  *State v. Minor*, No. 99CA63, unreported.  This Court again affirmed Appellant's convictions and sentences via Opinion and Judgment Entry in *State v. Minor*, Richland App. No. 99CA63, unreported.

{¶5}   On July 27, 2015, Appellant filed separate motions for Sentencing, Final Appealable Order and Allied Offenses Determination. On August 24, 2015, the trial court

issued an order on the Motion for Sentencing finding the motion to be an untimely petition for post-conviction relief. The trial court applied res judicata and overruled Appellant's first, third and fourth assignments of error. The trial court sustained Appellant's second argument regarding post-release control, and scheduled a video conference for resentencing for the limited purpose of imposing post-release control on the charge of aiding and abetting robbery.[1]

{¶6} Appellant appealed the August 24, 2015 Order of the trial court, assigning as error:

{¶7} "I. WHETHER THE TRIAL COURT, AFTER FINDING THE [SIC] AT LEAST THE AILING POSTRELEASE CONTROL PORTION OF THE UNDERLYING ATTEMPTED SENTENCES(S) WAS/IS 'CONTRARY TO LAW' AND THUS VOID, ABUSED ITS DISCRETION THEREBY VIOLATING DUE PROCESS BY: (1) ATTEMPTING TO RECHARACTERIZE THE PROCEEDINGS AS AN UNTIMELY PETITION FOR POSTCONVICTION RELIEF; AND, (2) ASSERTING A RES JUDICATA CONSEQUENCE WHERE THE JUDGMENT ON ITS FACE PRESENTED A PRIMA FACIE [SIC] OF INVALIDITY. SEE: STATE V. SIMPKINS, 117 OHIO ST. 3D 420, AT: ¶23; AND, ¶30.

"II. WHETHER THE TRIAL COURT'S FAILURE TO INDICATE ['THE SEQUENCE'] WITH WHICH THE UNDERLYING CONSECUTIVE SENTENCES ARE TO BE SERVED IMPLICATES DUE PROCESS RENDERING THE ATTEMPTED SENTENCES A MERE NULLITY AND VOID. SEE: STATE V. KISH, 2014 OHIO APP.

---

[1] The trial court did not proceed with the scheduled resentencing on September 16, 2015, and as of the date of oral argument herein, the trial court has not proceeded in resentencing Appellant.

LEXIS 684, AT: HN1; AND, HN2; O.R.C. §2929.19(B)(3)(E) (THE ORAL PRONOUNCEMENT REQUIREMENT); AND, STATE V. POWELL (3RD DIST.), 2014 OHIO APP. LEXIS 3771, AT: HN10, QUOTING: STATE V. CVIJETINOVIC, 8TH DIST. CUYAHOGA NO. 99316, 2013 OHIO 5121 ; AND, STATE V. FORD (3RD DIST.), 2014 2014

"III. WHETHER (AND UPON THE ORDERED RESENTENCING PROCEDURE) THIS CASE IS EXEMPT FROM THE MANDATES OF: O.R.C. §2929.191 AS DEFINED IN: STATE V. SINGLETON, 124 OHIO ST. 3D 173, AS WELL A RETROACTIVE APPLICATION OF THE NEW JUDICIAL RULING PRONOUNCED IN: STATE V. FISCHER, 128 OHIO ST. 3D 92, IMPLICATING BOTH: CRIM.R. 43(A)'A RIGHT TO BE 'PHYSICALLY PRESENT;' AND, THE MANDATE FOR ['DE NOVO'] RESENTENCING AS DEFINED IN: ROMITO V. MAXWELL (1967), 10 OHIO ST. 2D 266, 267-268, AND ESPECIALLY SO WHERE APPELLANT HAS FULLY COMPLETED ONE OR MORE OF THE UNDERLYING SENTENCES.  SEE: STATE V. HOLDCROFT, 137 OHIO ST. 3D 526, AT: [6]; AND, [7].

"IV. WHETHER THE TRIAL COURT'S INHERENT FAILURE TO 'INQUIRE' WHETHER ONE OR MORE OF THE 'MULTIPLE COUNTS' WERE/ARE ALLIED OFFENSES OF SIMILAR IMPORT, O.R.C. §2941.25(A) THEREBY PROHIBITING CONVICTION ON SUCH COUNTS, IMPLICATES DUE PROCESS. SEE: U.S.C.A. CONST. AMEND 5."

I

{¶8}    In the first assignment of error, Appellant argues the trial court incorrectly characterized his motion for sentencing as an untimely motion for post-conviction relief

and the trial court erred in finding the claims asserted therein barred by res judicata. Appellant maintains the trial court's finding the post-release control portion of the sentence void renders the entire sentence void; therefore, not subject to the timeliness requirements of R.C. 2953.21(A)(2) and res judicata. We disagree.

{¶9} In *State v. Fischer*, 128 Ohio St.3d 92, 2010 Ohio 6238, the Ohio Supreme Court held "only the offending portion of the sentence is subject to review and correction." Therefore, while Appellant's sentence is void with respect to post-release control, the remainder of his sentence is valid and subject to the timeliness requirements of R.C. 2953.21(A)(2) and res judicata.

{¶10} The Ohio Supreme Court has held motions to correct sentences are petitions for post-conviction relief pursuant to R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 365 days after the trial transcript is filed in the direct appeal from the judgment of conviction and sentence. Appellant did not set forth any exceptions for the untimely filing of a petition for post-conviction relief, pursuant to R.C. 2953.21.

{¶11} Appellant filed a direct appeal from his conviction, and reopened his appeal via application to this Court assigning as error the ineffective assistance of trial counsel. We find the arguments presented in this appeal were capable of being presented on direct appeal and/or on reopening of the appeal. As such, we agree with the trial court Appellant's motion was properly denied as an untimely petition for post-conviction relief and, furthermore, Appellant's arguments are barred by res judicata.

{¶12} The first assignment of error is overruled.

II.

**{¶13}** In the second assignment of error, Appellant argues the trial court erred in failing to expressly indicate the sequence of Appellant's consecutive sentences; therefore, Appellant's sentence is void. We disagree.

**{¶14}** On August 9, 1999, the trial court sentenced Appellant to an indefinite prison term of twenty years to life on the aiding and abetting aggravated murder; to a prison term of ten years on the aiding and abetting aggravated robbery; and to two mandatory three year prison terms on the firearm specifications. All the terms of imprisonment were ordered to be served consecutively without indication of order.

**{¶15}** In *State v. Peace*, 3rd Dist. No. 5-13-32, 2014-Ohio-2126, the Third District Court of Appeals held,

On November 9, 1998, the trial court entered a judgment finding Peace guilty of aggravated murder, aggravated arson, and tampering with evidence. On February 11, 1999, the trial court sentenced Peace to a life prison term with parole eligibility after 20 years for the aggravated murder offense, a nine year prison term for the aggravated arson offense, and a four year prison term for the tampering with evidence offense. The trial court ordered that the "prison terms are to be served consecutively, one after the other, for an aggregate prison term of life with parole eligibility after serving thirty-three (33) years." (Doc. No. 103 at 3).

\*\*\*

Section 5120–2–03.1(M) of the Ohio Administrative Code describes the manner in which the time served by an offender is to be allocated when

the offender is sentenced to a stated prison term consecutive to a life prison term:

**When an offender is serving any stated prison terms consecutively to any life terms of imprisonment and/or to any one, three, five and/or six-year mandatory prison terms imposed pursuant to division (D)(1)(a)(i) of section 2929.14 the Revised Code, for using a firearm in the commission of an offense, and/or division (D)(1)(a)(ii) of section 2929.14 of the Revised Code, for committing a felony by discharging a firearm from a motor vehicle, the aggregate of all such one, three, five and/or six-year mandatory prison terms shall be served first, then the aggregate of all other mandatory prison terms shall be served, and then the aggregate of the non-mandatory portion of the stated prison terms shall be served, and then the aggregate of the non-mandatory portion of the life terms of imprisonment shall be served.**

[Emphasis in original]

According to OAC 5120–2–03.1(M), Peace's time served is to be first allocated to the stated prison terms of nine years and four years for the aggravated arson and the tampering with evidence offenses. At the time of the March 2013 hearing, Peace had completed the prison terms for these offenses and was serving time for the life prison term for the aggravated murder offense. We note that aggravated murder is an unclassified felony to which the postrelease control sanction does not apply. *See State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, ¶ 36.

Therefore, pursuant to the Supreme Court's holding in *Holdcroft* and by operation of OAC 5120–2–03.1(M), the trial court was without the authority to impose the term of postrelease control because at the time of the hearing Peace had already completed the stated prison terms for the aggravated arson and the tampering with evidence offenses, which were the only portion of his aggregate sentence to which the postrelease control sanction applied.

{¶16} Here, pursuant to R.C. 2929.14(C)(1)(a), Appellant served his three year sentence for the firearm specification prior to and consecutive to his ten year definite sentence for aiding and abetting aggravated robbery. Subsequently, pursuant to O.A.C. 5120-2-03.1M, Appellant served his ten year definite sentence for aiding and abetting aggravated robbery prior to and consecutive to his indefinite twenty years to life sentence for aiding and abetting aggravated murder. Therefore, as of November 30, 2015, Appellant has completed his sentences for the firearm specification and aiding and abetting aggravated robbery and is currently serving his sentence for aiding and abetting aggravated murder.

{¶17} We do not find Appellant's sentence void for failure to set forth the sequence of consecutive sentences, pursuant to *State v. Peace*, supra.

{¶18} The second assignment of error is overruled.

III.

{¶19} In the third assignment of error, Appellant maintains the trial court erred in applying R.C. 2929.191 in denying Appellant's request for a de novo sentencing hearing

and ordering Appellant resentenced via video conference for the limited purpose of imposing post- release control.

**{¶20}** In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court held sentences failing to properly impose post-release control are void only with respect to the portion of the sentence failing to impose post-release control; thus, the "new sentencing hearing to which an offender is entitled…is limited to proper imposition of postrelease control." This Court has applied *Fischer* to cases in which defendants were sentenced prior to July 11, 2006, and affirmed decisions in which the trial court denied the defendant a de novo sentencing hearing.  See, *State v. Bunting*, Stark App. Nos. 2011 CA 00112, 2011 CA 00130, 2011CA 00131, 2012- Ohio- 445.

**{¶21}** In *Bunting,* supra, this Court also held with regard to video conferencing,

This Court recently addressed the issue of a defendant's right to be physically present at a re-sentencing hearing in *State v. Dunivent,* Stark App.No.2011 CA00160, 2011–Ohio–6874.

In *Dunivent,* this Court concurred with the analysis of the Tenth District Court of Appeals in *State v. Mullins,* Franklin App. No. 09AP–1185, 2011–Ohio–1256, ¶ 6–11, which held that such error was not structural error, and finding that the issue should be reviewed under the plain error doctrine.

This Court went on to find that "any error in the video procedure is harmless. Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice

or a violation of a substantial right. Appellant has not demonstrated any prejudice in the video procedure or that the outcome would have been different."

The Appellant herein, like the Appellant in *Dunivent*, has failed to allege that he was prejudiced in any way by the video conferencing,

We therefore find that even if it were error to re-sentence Appellant by video conferencing in this case, any such error is harmless.

**{¶22}** As with the defendants in both *Dunivent* and *Bunting*, Appellant herein has not demonstrated prejudice as a result of the scheduled video proceedings and any presumed error would be harmless. Case law in Ohio does not require the trial court to make Appellant physically present for the limited purpose of resentencing to properly impose post-release control, and Appellant is not entitled to a de novo sentencing hearing.[2]

**{¶23}** The third assignment of error is overruled.

IV.

**{¶24}** In the fourth assignment of error, Appellant argues the trial court erred in finding his arguments with regard to allied offenses barred by res judicata. We disagree.

**{¶25}** Appellant maintains his convictions for aiding and abetting aggravated murder and aiding and abetting aggravated robbery are allied offenses and should merge for sentencing.

---

[2] Because the trial court has not filed an order resentencing Appellant to PRC as of the date of oral argument, we find Appellant's *Holdcroft* argument premature.

**{¶26}** As set forth in the Statement of Procedural History above, Appellant filed a direct appeal from his conviction and sentence. Appellant further reopened his appeal to assign as error the ineffective assistance of trial counsel. Appellant did not assign as error the argument his convictions were allied offenses subject to merger although the argument could have been raised upon information contained in the original record.

**{¶27}** Accordingly, we find the trial court did not err in finding the argument barred by the doctrine of res judicata.

**{¶28}** The fourth assignment of error is overruled.

**{¶29}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur