[Cite as *State v. Sealey*, 2017-Ohio-338.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-034** |
| ELLIS L. SEALEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 01 CR 000616.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ellis L. Sealey,* pro se, PID: A431-327, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, OH 44901 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Ellis L. Sealey, appeals from the March 17, 2016 judgment of the Lake County Court of Common Pleas, denying his pro se motion for "'Sentencing'" and for "'Vacation of Non-Cognizable Offenses,'" in addition to various other motions. In the appealed judgment, in addition to denying appellant's various pro se motions, the court also held that the June 10, 2002 sentencing entry improperly noted the terms of

appellant's post-release control.  The March 17, 2016 entry stated, "the defendant must be resentenced to serve a mandatory term of five years of post release control upon his release from prison, not three years."  As a result, the court conducted a hearing via video conference to correct appellant's sentencing entry to reflect that he is to serve a mandatory term of five years of post-release control upon his release from prison.[1]  For the reasons stated, we affirm.

{¶2}    On December 28, 2001, appellant was indicted by the Lake County Grand Jury on five counts of attempted murder, felonies of the first degree, in violation of R.C. 2923.02 and R.C. 2903.02 with firearm specifications in violation of R.C. 2941.145 and R.C. 2941.146; and five counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A)(2) with firearm specifications in violation of R.C. 2941.145 and R.C. 2941.146.  Appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea on his behalf.

---

**1.** The hearing to correct post-release control was held on April 26, 2016.  On May 3, 2016, the trial court issued a judgment correcting post-release control, detailing, inter alia, "that post release control is mandatory in this case for a period of five years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28."  As a result of the March 17, 2016 order, appellant's notice of appeal of April 8, 2016 will be considered by this court as a premature appeal as of May 3, 2016 pursuant to App.R. 4(C).  We further note that "R.C. 2929.191(C) permits trial courts to conduct re-sentencing hearings by video conference.  However, Crim.R. 43(A) requires a waiver of a defendant's right to be physically present in felony proceedings before a court can permit his participation by video conference.  In the event of a conflict between a statute and a criminal rule involving a procedural matter, the rule prevails.  *State ex rel. Silcott v. Spahr*, 50 Ohio St.3d 110 * * * (1990).  As a result, some Ohio Appellate Districts have held that, pursuant to Crim.R. 43(A), it is error to hold a re-sentencing via video conference without a waiver.  *See, e.g., State v. Morton*, 10th Dist. No. 10AP-562, 2011-Ohio-1488, ¶13-14, 18; *State v. Steimle*, 8th Dist. No. 95076, 2011-Ohio-1071, ¶16-17.  However, these courts have also held that such error is harmless without a showing of prejudice.  *Morton, supra*; *Steimle, supra*." (Parallel citations omitted.)  *State v. Dudas*, 11th Dist. Lake No. 2011-L-094, 2012-Ohio-2122, ¶25.  In this case, appellant has not specifically raised on appeal any argument regarding the hearing via video conference and/or that the outcome of the resentencing would have been different if he had been physically present.  Accordingly, any error by the trial court in holding the resentencing via video conference without a waiver was harmless.  *Dudas* at ¶26.

{¶3} A jury trial commenced on June 3, 2002. Two days later, the jury returned guilty verdicts on all counts.

{¶4} On June 10, 2002, the trial court sentenced appellant to ten years each on counts one, three, five, seven, and nine (attempted murder). Counts three, five, seven, and nine were ordered to be served concurrently with each other and consecutively to count one. Counts two, four, six, eight, and ten (felonious assault) merged into counts one, three, five, seven, and nine, respectively. Appellant was also required to serve an additional three years as a mandatory prison term for the first firearm specification on count one and five years as a mandatory prison term for the second firearm specification on count one, which were to be served consecutive to each other and prior to and consecutive to the foregoing prison term. Thus, appellant was sentenced to a total period of incarceration of 28 years. In addition, the trial court imposed mandatory post-release control for "up to a maximum of 5 years."[2]

{¶5} Appellant timely appealed, Case No. 2002-L-100, raising issues involving the calling of his brother as a court's witness, sufficiency of the evidence, manifest weight of the evidence, sentencing, and ineffective assistance of counsel. On December 5, 2003, this court affirmed appellant's conviction and sentence. *State v. Sealey*, 11th Dist. Lake No. 2002-L-100, 2003-Ohio-6697.

---

2. The sentencing entry incorrectly states that post-release control is mandatory for "up to a maximum of 5 years." Such language has been found to connote that the period is discretionary, not mandatory. *See State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, ¶89.

**{¶6}** Seven years later, on December 23, 2010, appellant filed a pro se motion for relief from judgment pursuant to Civ.R. 60(B). The state filed a response opposing the motion on January 24, 2011. On February 4, 2011, the trial court denied appellant's motion.

**{¶7}** Over four years later, on November 19, 2015, appellant filed a pro se motion for "'Sentencing'" and for "'Vacation of Non-Cognizable Offenses,'" in addition to various other motions. On March 17, 2016, the trial court denied the motions. However, the court held that the June 10, 2002 sentencing entry improperly noted the terms of appellant's post-release control. As a result, the court conducted a hearing via video conference to correct appellant's sentencing entry to reflect that he is to serve a mandatory term of five years of post-release control upon his release from prison. Appellant filed the instant pro se appeal and asserts the following three assignments of error:

**{¶8}** "[1.] Whether, and pursuant to the clear and unambiguous language of *State v. Singleton*, 124 Ohio St.3d 173, at: ¶1; *State v. Bezak*, 114 Ohio St.3d 94; and, *Hernandez v. Kelly*, 108 Ohio St.3d 395, at: ¶23, the trial court was/is prohibited from a *retroactive application of the *new judicial ruling in: *State v. Fischer*, 128 Ohio St.3d 92; and, an ex post facto application of: O.R.C. 2929.191, eff. 7/11/2006, with respect to the correction of a facially flawed postrelease control notification. *see*: *Duncan v. Missouri* (1894), 152 U.S. 377; and, *Rogers v. Tennessee* (2001), 532 U.S. 451.

**{¶9}** "[2.] Whether, and in imposing a term of mandatory postrelease control where the defendant has fully completed one or more of the underlying offenses, the discretion as per which of the underlying sentences which has been fully completed lies

4

with the defendant. *see*: *State v. Powell*, 2014 Ohio App. LEXIS 3771 (2nd Dist.), at: (*P28) quoting: *State v. Ford*, 2014 Ohio App. LEXIS 1820, at: ¶21; *State v. Kish,* 2014 Ohio App. LEXIS 684 (8th Dist.), at: HN2; *State v. Cvijetinovic*, Slip Opinion (2013), 2013 WL 6175196 (8th Dist.); and, *State v. Holdcroft*, 137 Ohio St.3d 526, at: (6); and, (7) ('Once a valid sentence has been served, it is not res judicata that acts as a bar to modification; rather, the court has lost jurisdiction to modify the sentence). *id.*

**{¶10}** "[3.] Whether appellant's conviction for 'attempted murder,' pursuant to O.R.C. 2903.02(B) is 'contrary to law,' hence, constituting a fundamental miscarriage of justice."

**{¶11}** In his first assignment of error, appellant argues the trial court erred in not providing him a de novo sentencing hearing due to the post-release control error.

**{¶12}** By way of background, this court in *State v. Young*, 11th Dist. Portage No. 2015-P-0087, 2016-Ohio-5006, ¶9-11, recently stated the following regarding post-release control in light of the Ohio Supreme Court's 2010 decision in *Fischer, supra*:

**{¶13}** "'(A) trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control.' *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶18 * * *. Further, 'a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing.' *Id.* at ¶19. When a judge failed to properly impose statutorily mandated post-release control prior to July 11, 2006, that part of the sentence is void and must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶26 * * *; *State v. Shepherd*, 11th Dist.

5

Ashtabula No. 2010-A-0052, 2011-Ohio-2451, ¶20. Such a sentence 'is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' *Fischer, supra*, at paragraph one of the syllabus; *see also State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶7 * * *.

{¶14} "Pursuant to R.C. 2953.08(G)(2)(b), when a sentence is contrary to law, a reviewing court, inter alia, 'may vacate the sentence and remand the matter to the sentencing court for resentencing.' When the post-release control portion of a sentence is vacated, the resentencing to which an offender is entitled is limited to proper imposition of post-release control. *Fischer, supra*, at paragraph two of the syllabus, modifying *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, * * *, syllabus.

{¶15} "'(W)hen a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing.' *Qualls, supra,* at ¶30. On the other hand, when a defendant is *not* properly notified about post-release control at the sentencing hearing, regardless of what is stated in the sentencing entry, the defendant is entitled to a correction to the sentencing judgment after a limited hearing is held for that purpose. R.C. 2929.191; *see also State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, * * *, paragraph one of the syllabus. Neither of these options is available, however, after the defendant has 'completed the prison term for the offense for which postrelease control was to be imposed'; in that circumstance, post-release control can no longer be imposed. *Qualls, supra,* at ¶16, ¶24." (Emphasis sic.) (Parallel citations omitted.)

{¶16} As stated, appellant was sentenced in 2002 to a total of 28 years in prison on five counts of attempted murder and five counts of felonious assault with firearm specifications. As part of that sentence, post-release control is mandatory for a period of five years. However, the trial court imposed post-release control for *up to* a maximum of five years. Appellant did not raise any issue regarding post-release control in his direct appeal. Rather, appellant filed various pro se motions in 2015 raising, inter alia, the trial court's error in imposing the correct post-release control.

{¶17} On March 17, 2016, the trial court held that the June 10, 2002 sentencing entry improperly noted the terms of appellant's post-release control. As a result, the court conducted a hearing via video conference on April 26, 2016. At the hearing, appellant was not afforded a de novo sentencing. Rather, the court held the hearing to specifically correct appellant's sentencing entry to reflect that he is to serve a mandatory term of five years of post-release control upon his release from prison. On May 3, 2016, the trial court issued a judgment correcting post-release control, detailing "that post release control is mandatory in this case for a period of five years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28."

{¶18} Appellant now argues he was entitled to a de novo sentencing hearing due to the post-release control error. Appellant bases his argument on cases that preceded *Fischer* on the issue of post-release control notification and maintains that *Fischer* should not apply retroactively to his case. Appellant's assertions, however, are not well-taken.

**{¶19}** This court was faced with a similar matter in *State v. Sanders*, 11th Dist. Portage No. 2011-P-0088, 2012-Ohio-5025. In that case, Mr. Sanders was indicted in 2004. *Id.* at ¶2. The trial court sentenced him to 15 years in prison and imposed post-release control. *Id.* at ¶2, 7. Mr. Sanders filed a direct appeal which we affirmed. *State v. Sanders*, 11th Dist. Portage No. 2004-P-0094, 2005-Ohio-4778. Thereafter, Mr. Sanders filed various pro se motions with the trial court, including a petition for postconviction relief, which was dismissed. *Sanders*, 2012-Ohio-5025, ¶4. Mr. Sanders filed a second appeal alleging an issue with his post-release control and requesting this court to remand the matter to the trial court for a "'new'" de novo sentencing hearing. *Id.* at ¶7. This court agreed that the trial court made a mistake regarding post-release control. *Id.* However, this court held that Mr. Sanders was not entitled to a de novo sentencing hearing, but rather to a hearing limited strictly to proper imposition of post-release control. *Id.* This court further stated that Mr. Sanders' request for a de novo sentencing hearing was misplaced pursuant to *Fischer. Id.* at ¶11.

**{¶20}** Like *Sanders*, appellant's argument in the case at bar is also misplaced as *Fischer* abrogates an offender's entitlement to a de novo sentencing hearing. *Sanders*, 2012-Ohio-5025, ¶15. The *Fischer* Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence * * * is void and must be set aside." (Emphasis sic.) *Id.* at ¶26. In that case, the proper remedy is to resentence the defendant. *Id.* at ¶10. However, "the new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." *Id.* at ¶29.

8

**{¶21}** Therefore, the *only* part of the sentence that is void and subject to resentencing is *the portion* that fails to comply with the requirements of the post-release control statutes. *Sanders*, 2012-Ohio-5025, ¶12. Thus, appellant was not entitled to a de novo sentencing hearing. The trial court committed no error at appellant's April 26, 2016 resentencing.

**{¶22}** Appellant's first assignment of error is without merit.

**{¶23}** In his second assignment of error, appellant contends he has already completed the sentences imposed for felonious assault and the relating firearm specifications and, therefore, mandatory post-release control should not have been ordered on those charges at the resentencing.

**{¶24}** R.C. 2929.14(C)(1)(a) states:

**{¶25}** "Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."

9

**{¶26}** In support of his position, appellant relies on, inter alia, a decision from our sister court in *State v. Kish*, 8th Dist. Cuyahoga No. 99895, 2014-Ohio-699, for the proposition that this case must be remanded for further fact finding because it is unclear which prison term he is serving. Appellant's reliance on *Kish* is misplaced. Unlike the appellant in this case, Mr. Kish was found guilty in two separate cases. *Id.* at ¶2. It was unclear as to which of the two sentences in the two different cases were already served. *Id.* at ¶3. Thus, the Eighth District remanded the matter back to the trial court to conduct a hearing to determine the sequence of Mr. Kish's sentences and then impose post-release control on his remaining unserved sentence. *Id.* at ¶13. The sequence of appellant's sentences in the case sub judice, however, is clear.

**{¶27}** Again, on June 10, 2002, the trial court sentenced appellant to ten years each on counts one, three, five, seven, and nine (attempted murder). Counts three, five, seven, and nine were ordered to be served concurrently with each other and consecutively to count one. Counts two, four, six, eight, and ten (felonious assault) merged into counts one, three, five, seven, and nine, respectively. Appellant was also required to serve an additional three years as a mandatory prison term for the first firearm specification on count one and five years as a mandatory prison term for the second firearm specification on count one, which were to be served consecutive to each other and prior to and consecutive to the foregoing prison term. Thus, appellant was sentenced to a total period of incarceration of 28 years which included eight years of mandatory firearm specifications.

{¶28} Because firearm specifications are a mandatory prison sentence that must be served prior to and consecutive to other prison terms, pursuant to R.C. 2929.14(C)(1)(a), appellant served the eight-year firearm specifications portion of his sentence from 2002 to 2010. Since appellant's felonious assault counts merged with first-degree attempted murder, he has been serving the remainder of his sentence for attempted murder which requires five years of mandatory post-release control. *See* R.C. 2967.28(B)(1) (a period of post-release control for a felony of the first degree shall be five years).

{¶29} Accordingly, the trial court properly imposed a mandatory five-year term of post-release control at the resentencing as appellant is currently serving a sentence for first-degree attempted murder.

{¶30} Appellant's second assignment of error is without merit.

{¶31} In his third assignment of error, appellant alleges that his conviction for attempted murder should be vacated because it is void.

{¶32} [Removed 2 paragraphs]

{¶33} "A void sentence 'is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.'" *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶14, quoting *State v. Fischer*, *supra* at paragraph one of the syllabus.

{¶34} Appellant cites to *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800 for the proposition that his conviction for attempted murder is void and must be vacated. Appellant's reliance on *Nolan* is misplaced. In *Nolan*, the Ohio Supreme Court held that attempted felony murder in violation of R.C. 2903.02(B) is not a cognizable crime in

11

Ohio. *Id.* at ¶10. As a result, a conviction of attempted felony murder is void. *State v. Bozek*, 11th Dist. Portage No. 2015-P-0018, 2016-Ohio-1305, ¶21. However, in this case, appellant was not convicted of attempted felony murder. Rather, appellant was convicted of attempted murder in violation of R.C. 2923.02(E)(1).

{¶35} Appellant's third assignment of error is without merit.

{¶36} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.