[Cite as *State v. Evans*, 2017-Ohio-2767.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160419 |
| | | TRIAL NO. B-0510014 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| LEONARD EVANS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 12, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond L. Katz*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Defendant-appellant Leonard Evans appeals the Hamilton County Common Pleas Court's judgment imposing postrelease control and correcting a clerical error.

{¶2}   Evans was convicted in 2006 of murder and an accompanying firearm specification, having a weapon while under a disability, and carrying a concealed weapon.  The trial court imposed an aggregate term of 24 ½ years to life in prison.  In addition, the court notified Evans at sentencing that upon his release from prison he would be subject to a mandatory five-year period of postrelease control, and incorporated that notification into the judgment of conviction.

{¶3}   Evans unsuccessfully challenged his convictions on direct appeal. *State v. Evans*, 1st Dist. Hamilton No. C-060392 (Jan. 23, 2008).  In 2014, Evans appealed the trial court's judgments overruling three postconviction motions.  We modified the judgments appealed from to reflect dismissals of the motions and affirmed the judgments as modified.  *State v. Evans*, 1st Dist. Hamilton No. C-140503, 2015-Ohio-3208, ¶ 13.  But because postrelease control could not be imposed for a special felony like murder, and because only a discretionary three-year period of postrelease control could be imposed for the weapons offenses, we held that Evans's sentences were void to the extent that postrelease control had not been properly imposed.  *Id.* at ¶ 10-11.  We remanded the matter for correction of the offending portions of the sentences.  The sentencing entry also mistakenly stated that the sentence was 24 ½ years rather than 24 ½ years to life.  We remanded the matter for correction of this clerical error as well.  *Id.* at ¶ 14.

2

{¶4}   At the March 2016 hearing, the trial court notified Evans that upon his release he may be subject to a three-year period of postrelease control for the weapons offenses and incorporated that notification into the judgment of conviction. The court also corrected the clerical error in its entry to reflect that the sum of Evans's prison sentences was 24 ½ years to life.  Evans now appeals.

{¶5}   In his first assignment of error, Evans argues that the trial court erred by imposing a discretionary three-year period of postrelease control for the weapon-under-disability and concealed-weapon offenses because he had already served the stated prison terms for those offenses.  He claims that the court's sentencing entry directed that those sentences were to be served prior to the sentence imposed for the murder offense.  He is mistaken.  The sentencing entry does not state that the prison terms for the weapons charges should be served first.  Rather, it states, as required by law, that the mandatory term for the three-year gun specification be served prior to the 15 years to life for the murder.

{¶6}   A trial court cannot add a term of postrelease control as a sanction for an offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses.  *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph three of the syllabus.  In *Holdcroft*, the trial court ordered that the defendant's arson sentence be served consecutively to his sentence for aggravated arson.  *Id.* at ¶ 3.  The Supreme Court of Ohio held that once the defendant completed his prison term for aggravated arson, the trial court lost the authority to impose a postrelease-control sanction for that offense, even though the defendant was still serving a prison term for arson.  *Id.* at ¶ 4.

{¶7}     Unlike the sentencing entry in *Holdcroft*, the entry in this case did not set forth the sequence in which each of the consecutive sentences was to be served. Contrary to Evans's representation, the court did not order the sentences for the weapon-under-disability and concealed-weapon offenses to be served prior to the sentence for the murder offense, for a total of 24 ½ years to life.

{¶8}     When Evans was sentenced in 2006, the trial court imposed an indefinite term of 15 years to life for the murder offense. *See* former R.C. 2929.02(B) (now R.C. 2929.02(B)(1)).   The court imposed a three-year prison term for the firearm specification, to be served consecutively to and prior to the prison term imposed for the underlying murder offense.   *See* former R.C. 2929.14(D)(1)(a)(ii) and (E)(1)(a) (now R.C. 2929.14(B)(1)(a)(ii) and (C)(1)(a)).   In addition, the court imposed a five-year term for the weapon-under-disability offense and an 18-month term for the concealed-weapon offense.   *See* former R.C. 2929.14(A)(3) and (4) (now R.C. 2929.14(A)(3)(b) and (4)).   The court ordered that the sentences for the murder, weapon-under-disability, and concealed-weapon offenses be served consecutively to each other.

{¶9}     Where, as here, a sentencing entry fails to explicitly set forth the sequence in which consecutive sentences are to be served, courts have found Ohio Adm.Code 5120-2-03.1(M) instructive in determining the sequence of sentences.   *See State v. Ford*, 2d Dist. Montgomery No. 25796, 2014-Ohio-1859, ¶ 19; *State v. Peace*, 3d Dist. Hancock No. 5-13-32, 2014-Ohio-2126.   Ohio Adm.Code 5120-2-03.1(M) sets forth the sequence that sentences are to be served when an offender is serving stated prison terms consecutively to life terms or to certain firearm specifications:

When an offender is serving any stated prison terms consecutively to any life terms of imprisonment and/or to any one, three, five and/or six-year mandatory prison terms imposed pursuant to division (B)(1)(a)(i) of section 2929.14 [of] the Revised Code, for using a firearm in the commission of an offense, and/or division (B)(1)(a)(ii) of section 2929.14 of the Revised Code, for committing a felony by discharging a firearm from a motor vehicle, the aggregate of all such one, three, five and/or six-year mandatory prison terms shall be served first, then the aggregate of all other mandatory prison terms shall be served, and then the aggregate of the non-mandatory portion of the stated prison terms shall be served, and then the aggregate of the non-mandatory portion of the life terms of imprisonment shall be served.

{¶10} R.C. 2929.01(FF) defines "stated prison term" as "the prison term, mandatory prison term, or combination of all prison terms imposed by the sentencing court pursuant to section 2929.14, 2929.142, or 2971.03 of the Revised Code or under section 2919.25 of the Revised Code." In this case, the "stated prison term" included the terms imposed pursuant to R.C. 2929.14 for the weapon-under-disability and concealed-weapon offenses, and for the firearm specification, and did not include the sentence imposed pursuant to R.C. 2929.02 for murder.

{¶11} A "mandatory prison term" is defined in R.C. 2929.01(X) to include the term in prison that must be imposed for the offenses set forth in R.C. 2929.13(F)(1) to (8) or (F)(12) to (18) and 2929.14(B). Pursuant to R.C. 2929.13(F)(1), murder is an offense for which the court must impose a prison term under R.C. 2929.02. Under R.C. 2929.02, a person convicted of murder must be

imprisoned for an indefinite term of 15 years to life. And, under R.C. 2929.14(B)(1)(a)(ii), a court must impose a three-year prison term where, as here, a person is convicted of a firearm specification that charges the offender with displaying, brandishing, or indicating possession of a firearm, or using a firearm to facilitate the offense. Therefore, in this case, the prison terms for murder and the firearm specification were mandatory. *See State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729 and 26983, 2016-Ohio-4897, ¶ 13. On the other hand, the prison terms imposed for the weapon-under-disability and concealed-weapon offenses are nonmandatory terms.

{¶12} Pursuant to Ohio Adm.Code 5120-2-03.1(M), Evans's consecutive sentences are to be served in the following sequence:

(1) the mandatory prison term for using a firearm in the commission of an offense (3 years);

(2) the mandatory prison term for murder (15 years);

(3) the aggregate of the nonmandatory stated terms for the weapon-under-disability and concealed-weapon offenses (6 ½ years);

(4) the aggregate of the nonmandatory portion of the life term (what is commonly referred to as the "life tail").

{¶13} The Ohio Administrative Code makes it clear by using the language "stated terms" only with respect to nonmandatory terms, that it intends the mandatory terms (whether part of a stated term or an indefinite term) to be served prior to the nonmandatory stated terms. This is further bolstered by the requirement that the aggregate of the nonmandatory portion of a life term be served

last.  There would be no reason to include this language if the entire murder sentence of 15 years to life was to be served last.

{¶14}  Therefore, after Evans completed the three-year term for the firearm specification in 2009, he began serving the mandatory 15-year portion of his life term.  Consequently, Evans had not completed either of the terms for the weapon-under-disability or concealed-weapon offenses at the time of the March 2016 hearing, so the trial court properly imposed postrelease control for those offenses.  And while Ohio Adm.Code 5120-2-03.1(M) does not provide an order within categories (i.e., whether the five years for the weapon-under-disability or 18 months for the concealed-weapon offenses is to be served first), we need not address this issue since Evans has not completed his 15-year mandatory term.  We overrule the first assignment of error.

{¶15}  In his second assignment of error, Evans argues that the trial court erred by failing to ensure that he was effectively represented at the March 2016 hearing.  He contends that counsel prevented him from arguing that, under *Holdcroft*, the trial court the lacked authority to impose postrelease control for the sentences he had completed.

{¶16}  To prevail on an ineffective-assistance claim, an appellant must demonstrate that his counsel's performance was deficient, and that, in the absence of counsel's errors, there is a reasonable probability that the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989).

{¶17} Because the trial court correctly imposed postrelease control, counsel's performance was not deficient. Moreover, the record reflects that Evans was not prevented from making his *Holdcroft* argument. He argued to the court that, pursuant to *Holdcroft*, it could not impose postrelease control because he had completed the prison sentences for the weapon-under-disability and concealed-weapon offenses. Evans has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceeding would have been otherwise. Therefore, he has failed to meet his burden to show ineffective assistance of counsel. *See Strickland* at 687-689; *Bradley* at 143. We overrule the second assignment of error.

{¶18} In his third assignment of error, Evans argues that the trial court erred by resentencing him to the same aggregate term because it failed to consider the appropriate statutory factors. However, this court determined that Evans's sentences were only void to the extent that they were not imposed in conformity with the statutory mandates concerning postrelease control. *Evans*, 1st Dist. Hamilton No. C-140503, 2015-Ohio-3208, at ¶ 14. As a result, the trial court's authority was limited to informing Evans about postrelease control for the weapon-under-disability and concealed-weapon offenses. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. Consequently, we overrule the third assignment of error.

{¶19} In his fourth assignment of error, Evans argues that the trial court erred "when it did not limit its decision to the proper imposition of postrelease control." He claims that the court had no authority to correct the sentencing entry to

state that his aggregate sentence was 24 ½ years "to life," rather than 24 ½ years as reflected in the 2006 sentencing entry.

{¶20} This argument is without merit. This court determined that the original judgment's misstatement of the sum of Evans's prison sentences constituted a clerical error subject to correction under Crim.R. 36. *Evans* at ¶ 12. Accordingly, we ordered the trial court to correct the error. *Id.* at ¶ 14. The trial court did just that. The trial court did not exceed its authority, and we overrule the fourth assignment of error. We affirm the trial court's judgment.

Judgment affirmed.

CUNNINGHAM, P.J., concurs.
MILLER, J., concurs separately.

MILLER, J., concurring separately.

{¶21} I concur in the disposition of this appeal. I write separately to highlight a separation of powers issue that arises between the judicial and executive branches should a reviewing court look to an administrative code provision to determine the order of service of consecutive terms of confinement imposed in a single entry. The issue is avoided here, as the administrative code provision and the sentencing entry align.

{¶22} As set forth in the opinion of the court, the Department of Rehabilitation and Correction ("DRC") has promulgated Ohio Adm.Code 5120-2-03.1, a regulation regarding how it measures and attributes the time an inmate serves for the purposes of determining whether that inmate can qualify for earned credit for productive program participation under Ohio Adm.Code 5120-02-06. The regulations are stated to amplify R.C. 5120.15, which authorizes DRC to "regulate the admission and discharge of inmates" committed to it.

9

{¶23} There appears to be no statute authorizing DRC to control the order in which a court imposes sentences. Nevertheless, the two appellate districts cited by this court, the Second in *State v. Ford* and the Third in *State v. Peace*, have purported to follow the DRC regulation. *See Ford*, 2d Dist. Montgomery No. 25796, 2014-Ohio-1859; *Peace*, 3d Dist. Hancock No. 5-13-32, 2014-Ohio-2126. I say purportedly because the *Peace* court reached a different result than we do. It found that no portion of the mandatory sentence with the life tail began to run until after the nonmandatory stated terms were served. *Peace* held that because the defendant had served sufficient time to complete the nonmandatory terms, postrelease control could not be imposed upon him. *Peace* at ¶ 11. This conflicts with our reading of the regulation that the mandatory portion of the life sentence is counted first.

{¶24} Our reading of the regulation, however, is arguably unnecessary according to the Eighth and Eleventh Districts, which both reject the regulation in favor of the order the sentences are stated by the trial court in the sentencing entry. *See State v Kish*, 8th Dist. Cuyahoga No. 99895, 2014-Ohio-699, ¶ 12 ("No revised or administrative code dictates how multiple case sentences are to be served. Rather, it is the court's sentencing journal entry [that] dictates how a sentence is to be served."); *State v. Sealey*, 11th Dist. Lake No. 2016-L-034, 2017-Ohio-338 (finding "the sequence of appellant's sentence [to be] clear" based on the sentencing entry).

{¶25} Here, Evans was sentenced first on the conviction for murder, with the firearm specification, then on the concealed-weapon count, and finally on the weapons-under-disability count. The entry further stated that, "The sentences in counts #1, #3, and #4 are to be served consecutively to each other." The plain meaning of this language is that the sentences are to be served in the stated order,

count 1 (murder), followed by count 3 (concealed weapon), and finally count 4 (weapons under disability).

{¶26} For the purposes of this appeal, the order of the sentences imposed by the trial court aligns with the order set forth in Ohio Adm.Code 5120-02-03.1. Accordingly, there is no occasion to determine which controls. In either event, the postrelease-control sanction was timely imposed under R.C. 2929.191(C).

Please note:

The court has recorded its own entry on the date of the release of this opinion.