[Cite as *State v. Camp*, 2011-Ohio-3215.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Sheila G. Farmer, P.J.<br>Julie A. Edwards, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
| -vs- | : | Case No. 10CAA080066 |
| WILLIAM CAMP | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:  Criminal Appeal from Delaware
                                            County Court of Common Pleas Case
                                            No. 05-CR-I-02-061

JUDGMENT:                           Reversed and Remanded

DATE OF JUDGMENT ENTRY:   June 27, 2011

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

DAVID A. YOST                            ERIC ALLEN
Delaware County Prosecutor            The Law Offices of Eric J. Allen, LTD
Delaware, Ohio                              713 South Front Street
                                                    Columbus, Ohio  43206

BY: MARIANNE T. HEMMETER
Assistant Prosecuting Attorney
140 North Sandusky Street
Delaware, Ohio  43015

*Edwards, J.*

{¶1} Appellant, William D. Camp, appeals a judgment of the Delaware County Common Pleas Court adding a term of five years mandatory postrelease control to his sentence by way of a corrected judgment entry. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On July 12, 2005, appellant entered guilty pleas to one count of corrupting another with drugs (R.C. 2925.02(A)(4)(a)) and four counts of unlawful sexual conduct with a minor (R.C. 2907.04(A)). He was sentenced to a term of incarceration of 12 years and four months. The judgment was affirmed on appeal.

{¶3} In the sentencing entry filed November 22, 2005, the court incorrectly stated that as a part of appellant's sentence, postrelease control may be imposed for up to five years. On July 28, 2010, without holding a new sentencing hearing, the trial court issued a judgment correcting the November 22, 2005 sentencing entry pursuant to Crim. R. 36. The corrected entry provides that postrelease control shall be imposed for a mandatory period of five years.

{¶4} Appellant assigns two errors on appeal:

{¶5} "I. THE TRIAL COURT ERRED BY INVOKING CRIMINAL RULE 36 TO CORRECT A VOID IMPOSITION OF POST RELEASE CONTROL.

{¶6} "II. APPELLANT IS ENTITLED TO A DE NOVO SENTENCING HEARING."

I, II

{¶7} In his two assigned errors, appellant argues that the court erred in using Crim. R. 36 to correct the November 22, 2005, sentencing entry, as the court was

required to hold a resentencing hearing pursuant to R.C. 2929.191(A). The State has conceded both assignments of error, agreeing that Crim. R. 36 cannot be used to correct a void sentence, and R. C. 2929.191 required that a new sentencing hearing be held.

{¶8} Crim. R. 36 provides for correction of clerical mistakes. However, as this court has previously noted, a trial court cannot resentence a defendant to correct an error in postrelease control through a corrected judgment entry, and the court is required to hold a hearing pursuant to R.C. 2929.191(C):

{¶9} "R.C. 2929.191 sets forth a procedure for the trial court to correct a judgment of conviction when the trial court, either at the sentencing hearing or in the final judgment, failed to properly notify a defendant about the requisite post-release control. Under that statute, the trial court must conduct a hearing *before it can file* a *nunc pro tunc* correction to the judgment of conviction. R.C. 2929.191(C) details how such a hearing must be conducted. It provides:

{¶10} "'(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit

the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.'"

**{¶11}** *State v. Crawley*, Stark App. No. 2010 CA 0057, 2010-Ohio-5098, ¶68-69.

**{¶12}** The Ohio Supreme Court has expressly stated that for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing. *State v. Singleton*, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, paragraph 1 of the syllabus. In the instant case, the sentence was imposed prior to July 11, 2006, and the trial court was therefore required to hold a de novo sentencing hearing pursuant to R.C. 2929.191 before adding a term of mandatory postrelease control to appellant's sentence.

**{¶13}** Assignments of error I and II are sustained.

{¶14} The judgment of the Delaware County Common Pleas Court is reversed. This cause is remanded to that court with instructions to conduct a new sentencing hearing pursuant to R.C. 2929.191.


By: Edwards, J.

Farmer, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r0330

[Cite as *State v. Camp*, 2011-Ohio-3215.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM CAMP | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAA080066 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee.

_____

_____

_____

JUDGES