[Cite as *State v. Valentine*, 2015-Ohio-5396.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15-COA-020 |
| | : | |
| STEPHEN J. VALENTINE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court
                             of Common Pleas, Case No. 14-CRI-
                             172



JUDGMENT:                    REVERSED, VACATED, AND
                              REMANDED



DATE OF JUDGMENT ENTRY:      December 21, 2015



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CHRISTOPHER R. TUNNELL                     CHRISTINA I. REIHELD
ASHLAND CO. PROSECUTOR                     P.O. Box 532
GARY D. BISHOP                             Danville, OH 43014
110 Cottage St.
Ashland, OH 44805

*Delaney, J.*

{¶1}   Appellant Stephen J. Valentine appeals from the May 1, 2015 Judgment Entry - Sentencing of the Ashland County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.  Appellant entered negotiated pleas of guilty to three offenses: murder, an unspecified felony pursuant to R.C. 2903.02(A); domestic violence, a felony of the third degree pursuant to R.C. 2919.25(A); and tampering with evidence, a felony of the third degree pursuant to R.C. 2921.12(A)(1).  In exchange for the pleas of guilty, other charges against appellant were dismissed and appellant waived his right to appeal the convictions and sentences.

{¶3}   The plea agreement did not prevent appellant from arguing the murder and domestic violence counts should merge for purposes of sentencing.  During the plea hearing, the trial court advised appellant he would be subject to three years of mandatory post-release control if the domestic violence count did not merge, and three years of discretionary post-release control if the counts did merge.

{¶4}   At sentencing, the parties agreed the domestic violence count merged with the count of murder.  Appellant was thus sentenced upon one count of murder and one count of tampering with evidence: the trial court imposed a term of 15 years to life consecutive to a term of 36 months.  At the sentencing hearing, the trial court stated appellant was subject to three years of mandatory post-release control.

{¶5} The resulting sentencing judgment entry stated appellant would be subject to five years of mandatory post-release control.

{¶6} Appellant now appeals from the judgment entry of his convictions and sentence.

{¶7} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "I. THE TRIAL COURT ERRED BY FAILING TO NOTIFY VALENTINE OF THE PROPER TERM OF POST-RELEASE CONTROL AT SENTENCING OR FAILING TO IMPOSE THE PROPER TERM OF POST RELEASE CONTROL IN ITS SENTENCING ENTRY."

**ANALYSIS**

{¶9} In his sole assignment of error, appellant argues the trial court failed to advise appellant of the correct term of post-release control at sentencing and failed to impose the correct term of post-release control. Appellee concedes the term of post-release control should be a 3-year discretionary term. We agree with the parties and therefore reverse and vacate the trial court's imposition of post-release control. We remand this matter to the trial court for further proceedings.

{¶10} Appellant is not subject to post-release control upon the count of murder because he is subject to parole supervision pursuant to R.C. 2967.01(E) and 2967.13(A). Nor is he subject to post-release control upon the count of domestic violence which merged with the count of murder.

{¶11} Appellant is thus subject to a discretionary 3-year period of post-release control upon the count of tampering with evidence, a felony of the third degree. R.C. 2921.12(B); R.C. 2967.28(C).

{¶12} The term of post-release control was misstated at the sentencing hearing and in the resulting judgment entry, requiring remand for a de novo hearing as to post-release control only.[1] R.C. 2929.191 sets forth a procedure for the trial court to correct a judgment of conviction when the trial court, either at the sentencing hearing or in the final judgment, failed to properly notify a defendant about the requisite post-release control. *State v. Crawley*, 5th Dist. Stark No. 2010-CA-00057, 2010-Ohio-5098, ¶ 68. Under that statute, the trial court must conduct a hearing as described by R.C. 2929.191(C):

> (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction.

---

[1] Under these circumstances, a nunc pro tunc entry pursuant to Crim.R. 36 to modify a sentencing entry cannot serve to correct the errors. A nunc pro tunc entry cannot go beyond correcting a clerical error to conform the sentencing entry to reflect that proper notification occurred when it did not; such action would improperly change the substance of the entry to include events that never occurred. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 26.

The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶13} In the instant case, because the trial court misstated the term of post-release control both at the hearing and in the sentencing entry, a remand for a de novo hearing is required because R.C. 2929.19(B)(3)(c) requires the court to "notify" the offender about post-release control and the Ohio Supreme Court has held that this notification must come during the sentencing hearing. *State v. Harris*, 8th Dist. Cuyahoga No. 95097, 2011-Ohio-1072, ¶ 7, citing *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph two of the syllabus. Accordingly, we are bound to find that appellant's sentence with regard to post-release control must be corrected in accordance with R.C. 2929.191, including having a hearing using the procedures set forth in R.C. 2929.191(C). *State v. Crawley*, 5th Dist. Stark No. 2010-CA-00057, 2010-Ohio-5098, ¶ 7.

{¶14} A complete de novo resentencing is not required; the limited resentencing must cover only the imposition of post-release control and the remainder of the

sentence is valid under the principles of res judicata.   *State v. Fischer*, 128 Ohio St.3d 92, 97, 2010-Ohio-6238, 942 N.E.2d 332, 338-39, ¶ 17.

{¶15} Accordingly, the judgment of the trial court is reversed and the matter remanded for the purpose of a limited resentencing pursuant to R.C. 2929.191.  See, *Crawley*, supra, 2010-Ohio-5098.

## CONCLUSION

{¶16} Appellant's sole assignment of error is sustained, the judgment of the trial court regarding post-release control is reversed and vacated, and this matter is remanded to the trial court for a hearing pursuant to R.C. 2929.191.

By:  Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.