[Cite as *State v. McCrae*, 2016-Ohio-8182.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : |  |
| TWAN E. MCCRAE | : | Case No. CT2016-0047 |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR1999-0092

JUDGMENT:     Affirmed in part; Reversed and Remanded in part

DATE OF JUDGMENT ENTRY:     December 9, 2016

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
BY GERALD V. ANDERSON II.
Assistant Prosecuting Attorney
27 North Fifth St., Box 189
Zanesville, OH 43702

For Defendant-Appellant

TWAN E. MCCRAE
#A392-042
London Correctional Institution
Box 69
London, OH 43140

*Gwin, P.J.*

{¶1}    Appellant Twan McCrae appeals the August 8, 2016 judgment entry of the Muskingum County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    In February of 2000, a jury found appellant not guilty of aggravated murder, but guilty of the lesser included offense of murder and of two counts of having a weapon while under disability.  By entry filed on April 3, 2000, the trial court sentenced appellant to an indefinite term of fifteen years to life on the murder count, plus a mandatory three year prison term for a firearm specification, to be served consecutively.  As for the weapons charges, the trial court merged the two counts and sentenced appellant to five years in prison, to be served consecutively to the other sentences.  In the sentencing entry and at the sentencing hearing, the trial court provided post-release control was "mandatory up to a maximum of five years." In the entry, the trial court also stated it informed appellant of the consequences for violating post-release control.  Appellant is currently incarcerated and is serving his original sentence.

{¶3}    Appellant filed a direct appeal and argued the trial court erred in admitting a firearm into evidence that was not the actual firearm used on the evening in question. In *State v. McCrae*, 5th Dist. Muskingum No. CT2000-0012, 2000 WL 1884829 (Dec. 20, 2000), we overruled appellant's assignment of error and affirmed his conviction.

{¶4}    On June 17, 2016, appellant filed a motion for resentencing to vacate void sentence pursuant to R.C. 2967.28.  Appellant argued the trial court failed to properly impose post-release control and requested a de novo sentencing hearing.  Appellee filed a response on June 26, 2016 and stated the term of post-release control given to

appellant at the sentencing hearing and in the original sentencing entry was incorrect. Rather than five years mandatory post-release control, appellant should have been given three years of optional post-release control. However, appellee argued the trial court should not hold a de novo sentencing hearing, but should hold a resentencing hearing only on the issue of post-release control.

{¶5} On August 8, 2016, the trial court issued a nunc pro tunc sentencing entry changing the language contained in the sentencing entry regarding post-release control from a mandatory five year term to an optional term for up to three years.

{¶6} Appellant appeals the August 8, 2016 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶7} "I. DID THE TRIAL COURT ERROR WHEN IT ISSUED A NUNC PRO TUNC AND FAILED TO HOLD A DE NOVO RESENTENCING HEARING IN THIS CASE PURSUANT TO APPELLANT BEING CONVICTED PRIOR TO JULY 11, 2006."

I.

{¶8} In his brief, appellant makes two separate arguments: that the trial court erred in not giving him a de novo sentencing hearing and that the trial court erred in issuing a nunc pro tunc entry without holding a resentencing hearing.

{¶9} We first address appellant's argument that the trial court erred in issuing a nunc pro tunc entry to correct the term of post-release control without holding a resentencing hearing.

{¶10} Appellee concedes the term of post-release control should be a three-year discretionary term and that the term of post-release control was misstated at the sentencing hearing and in the resulting judgment entry, but argues since appellant was

advised of five years of mandatory post-release control and the nunc pro tunc entry corrected that to a lesser term of three years of discretionary post-release control, appellant fails to show harm and/or prejudice. Appellee further contends that, at most, appellant may be resentenced solely on the issue of post-release control.

{¶11} R.C. 2929.191 sets forth a procedure for the trial court to correct a judgment of conviction when the trial court failed to properly notify a defendant about the requisite post-release control at both the sentencing hearing and in the final judgment entry. The statute applies to sentenced offenders whose sentence has not been completed. Under these circumstances, the trial court may, after holding a hearing, issue a nunc pro tunc correction to the judgment of conviction. *State v. Camp*, 5th Dist. Delaware No. 10CAA080066, 2011-Ohio-3215; *State v. Valentin*, 5th Dist. Ashland No. 15-COA-020, 2015-Ohio-5396. The court's placement of the nunc pro tunc entry on the journal has the same effect as if the court had included the correct notification in the original sentencing entry and had notified the offender of the applicable term of post-release control at the original sentencing hearing. *Id.* The offender has the right to be present at the hearing, but the court may permit the offender to appear at the hearing by video conferencing equipment. *State v. Miller*, 5th Dist. Stark No. 2013CA00115, 2014-Ohio-18; *State v. Minor*, 5th Dist. Richland No. 15CA81, 2016-Ohio-914 (stating case law does not require the trial court to make appellant physically present for the limited purposes of resentencing to properly impose post-release control).

{¶12} Appellant's sentence has not been completed. In this case, where appellant was not properly notified of the correct term of post-release control at the sentencing hearing or in the final sentencing entry, the trial court erred in resentencing appellant

through a nunc pro tunc journal entry. See *State v. Valentin*, 5th Dist. Ashland No. 15-COA-020, 2015-Ohio-5396.

**{¶13}** We next address appellant's contention that he is entitled to a de novo sentencing hearing. In *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held, "only the offending portion of the sentence is subject to review and correction" and thus the "new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post-release control." Therefore, while appellant's sentence is void with respect to post-release control, the remainder of his sentence is valid under the principles of res judicata. *Id.* This Court has applied *Fisher* to cases in which defendants were sentenced prior to July 11, 2006, and affirmed decisions in which the trial court denied the defendant a de novo sentencing hearing. *State v. Minor*, 5th Dist. Richland No. 15CA81, 2016-Ohio-914; see also *State v. Bunting*, 5th Dist. Stark Nos. 2011 CA 00112, 2011 CA 00130, 2011 CA 00131. Accordingly, appellant is not entitled to a de novo sentencing hearing.

**{¶14}** Based on the foregoing, we overrule appellant's assignment of error in part and sustain appellant's assignment of error in part. We find appellant's sentence with regards to post-release control must be corrected via a resentencing hearing. However, a de novo sentencing hearing is not required. The limited resentencing must cover only the imposition of post-release control and the remainder of the sentence is valid under the principle of res judicata.

{¶15} The judgment of the Muskingum County Court of Common Pleas, is affirmed in part and reversed and remanded in part.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur