[Cite as *State v. Mathews*, 2018-Ohio-353.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman |
| | : | Hon. Earle E. Wise, Jr. |
| -vs- | : | |
| | : | |
| DANA MATHEWS | : | Case No. 17CA92 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2004-CR-0531

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 26, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

GARY BISHOP                               DANA MATHEWS, Pro Se
Prosecuting Attorney                      Inmate No. 472510
By: JOSEPH C. SNYDER                      Marion Correctional Institution
Assistant Prosecurting Attorney           940 Marion-Williamsport Rd E
38 South Market Street                    Marion, OH  43302
Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Dana Mathews appeals the October 10, 2017 judgment of the Court of Common Pleas of Richland County, Ohio overruling appellant's motion to vacate or waive payment of court costs. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In September 2004, appellant was convicted of aggravated murder with a firearm specification, attempted murder with a firearm specification, felonious assault with a firearm specification, having weapons under disability, and illegal possession of a firearm in a liquor premises. He was sentenced to an aggregate prison term of 30 years to life.

{¶ 3} Appellant timely filed an appeal and this court affirmed the judgment of conviction and sentence entered by the trial court. *State v. Mathews*, 5th Dist. No 2004-CA-80, no official citation available (Feb. 8, 2006), appeal not accepted, Supreme Court of Ohio No. 06-555. Appellant filed a motion with this court to reopen his appeal, which was denied in June 2006.

{¶ 4} In August, 2017, appellant filed a motion in the trial court to vacate or waive payment of court costs. Appellant argued that although court costs were included in his 2004 sentencing judgment entry, he was not advised of this obligation at the time of sentencing. Appellant asked the trial court to either hold a hearing to determine his present and future ability to pay, or to waive all costs. On October 10, 2017, the trial court denied the motion without a hearing. Appellant filed an appeal and the matter is now before this court for consideration. Appellant raises one assignment of error:

I

{¶ 5}  "THE TRIAL COURT VIOLATED APPELLANTS DUE PROCESS RIGHTS AND OHIO CONSTITUTION ARTICLE 1, SECTION 16. THE COURT DID NOT ORALLY INFORM APPELLANT OF ANY COURTS COSTS."

{¶ 6}  Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 7}  One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 8}  This appeal shall be considered in accordance with the aforementioned rules.

{¶ 9}  Appellant argues the imposition of court costs is void and must be vacated. Specifically, appellant argues that while his sentencing judgment entry orders him to pay court costs, he was not orally informed of this obligation at the time of sentencing. He argues the imposition of court costs is therefore void, must be vacated and all costs collected to this point returned to appellant.

{¶ 10} In support of his argument, appellant cites *State v. Joseph* 125 Ohio St.3d 76, 2010-Ohio-954 926 N.E.2d 278. In that matter, the Ohio Supreme Court found a trial

court errs when it imposes court costs in the sentencing judgment entry after it fails to impose those costs in open court at the sentencing hearing.

{¶ 11} The Court further found that "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *State v. Joseph*, 125 Ohio St.3d 76, 79, 2010-Ohio-954, 926 N.E.2d 278, 282, ¶ 21 (2010). "Therefore, the failure of the court to notify a defendant of the obligation to pay costs so that he may move for a waiver of costs may be error cognizable on direct appeal, but it does not render the sentence void." *State v. Chapman*, 5th Dist. Richland No. 15CA20, 2015-Ohio-3114 at ¶ 11 citing *Joseph* at 21.

{¶ 12} *Joseph* was decided in the context of a direct appeal from the sentencing judgment imposing court costs. "*Joseph* does not support the argument that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires." *State v. Pettway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348, ¶5.

{¶ 13} Appellant could have raised the issue of court costs in his 2004 direct appeal to this court and failed to do so. Accordingly, appellant's argument is barred by the doctrine of res judicata.

{¶ 14} The assignment of error is overruled.


By Wise, Earle, J.

Wise, John, P.J. and

Gwin, J. concur.


EEW/rw