[Cite as *State v. Franklin*, 2018-Ohio-2904.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 CA 00170 |
| DONALD ALBERT FRANKLIN, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:　　　Criminal Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　　　Pleas, Case No.　2003 CR 01311

JUDGMENT:　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT ENTRY:　　　July 23, 2018

APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

JOHN D. FERRERO　　　　　　　　WAYNE E. GRAHAM
PROSECUTING ATTORNEY　　　　　4450 Belden Village Street, NW
RONALD MARK CALDWELL　　　　　Suite 703
ASSISTANT PROSECUTOR　　　　　Canton, Ohio　44718
110 Central Plaza South, Suite 510
Canton, Ohio　44702-1413

*Wise, John, P. J.*

{¶1} Defendant-Appellant Donald A. Franklin, Jr., appeals from the decision of the Court of Common Pleas, Stark County, which resentenced him, pursuant to R.C. 2929.191, on his 2003 felony convictions. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On November 26, 2003, appellant was sentenced by the Stark County Court of Common Pleas to a total of twenty years in prison for one count of aggravated burglary, a felony of the first degree (R.C. 2911.11(A)(1)), and one count of attempt to commit murder, a felony of the first degree (R.C. 2923.02(A)). On direct appeal, appellant raised issues of manifest weight of the evidence and sufficiency of the evidence, and he challenged the imposition of consecutive maximum sentences. This Court affirmed on October 4, 2004. *See State v. Franklin*, 5th Dist. Stark No. 2003CA00442, 2004–Ohio–5398. Appellant was thereafter unsuccessful in obtaining review in the Ohio Supreme Court via a delayed appeal.

{¶3} On February 1, 2016, appellant filed a "Motion to Vacate Void Judgment," arguing (1) his post-release control ("PRC") was improperly imposed and (2) his two aforesaid offenses should have been merged pursuant to R. C. 2941.25. The State of Ohio filed a response to appellant's motion on February 25, 2016. Appellant filed a reply on March 9, 2016.

{¶4} The trial court conducted a video-conference resentencing on April 1, 2016 for purposes of PRC notification.

**{¶5}**   Via a judgment entry issued April 19, 2016, the trial court noted it had conducted the aforesaid video-conference resentencing hearing, and further ruled that appellant's remaining claim as to allied offenses was not well-taken.

**{¶6}**   On April 21, 2016, the trial court issued a resentencing entry, pursuant to R.C. 2929.191, stating *inter alia* that appellant had been advised of a five-year mandatory period of PRC on each charge.

**{¶7}**   Appellant subsequently filed *pro se* notices of appeal, indicating his intent to challenge both the resentencing and the denial of his allied offenses claim. On June 10, 2016, the trial court appointed appellate counsel for appellant, but only as to his challenge to resentencing.

**{¶8}**   Appellant thereafter presented this Court with two assigned errors. First, appellant argued that the trial court had erred as a matter of law in failing to appoint counsel for the resentencing hearing. Secondly, appellant maintained that the trial court had erred as a matter of law in failing to appoint appellate counsel for an appeal of the trial court's denial of appellant's motion to vacate his sentence, as it pertained to the issue of allied offenses.

**{¶9}**   Upon review, we found merit in appellant's contention that his right to counsel had been violated during the video conference resentencing hearing of April, 1, 2016. We noted that the State at that time conceded the validity of appellant's argument. We then found appellant's remaining assigned error to be premature. Therefore, in an opinion issued June 12, 2017, we vacated the portion of the resentencing entered by the trial court regarding post-release control contained in the April 21, 2016 judgment entry,

and we remanded the case to the trial court for further proceedings. *See State v. Franklin*, 5th Dist. Stark No. 2016CA00083, 2017-Ohio-5551.

{¶10} On August 11, 2017, the trial court conducted another resentencing hearing, pursuant to this Court's aforesaid remand. Appellant was accompanied by his appointed counsel. Via a judgment entry issued August 31, 2017, the trial court maintained appellant's twenty-year aggregate prison term. The trial court also again stated that appellant had been advised of a five-year mandatory period of PRC on each charge. The court also rejected appellant's allied-offense argument, finding that the offenses of aggravated burglary and attempted murder were not allied offenses of similar import per R.C. 2941.25.

{¶11} On September 11, 2017, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶12} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT'S CONVICTIONS FOR AGGRAVATED BURGLARY AND ATTEMPTED MURDER WERE NOT ALLIED OFFENSES."

I.

{¶13} In his sole Assignment of Error, appellant challenges the trial court's finding that his convictions for attempted murder and aggravated burglary were not allied offenses of similar import.

{¶14} As indicated in our recitation of the procedural history of this case, *supra*, appellant sought review of the issue of merger of his 2003 offenses (along with the issue of imposition of post-release control) via his "motion to vacate void judgment" filed with the trial court on February 1, 2016, more than twelve years after he was sentenced.

**{¶15}** In its development of the "void sentence" doctrine, the Ohio Supreme Court has recognized: "* * * [I]n the normal course, sentencing errors are not jurisdictional and do not render a judgment void. * * * But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer,* 128 Ohio St.3d 92, 94, 2010–Ohio–6238, ¶ 7–¶ 8. But the rule of *Fischer* was supposed to be limited to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *See Fischer* at ¶ 31.

**{¶16}** The Ohio Supreme Court, in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, subsequently extended *Fischer* somewhat by holding that the imposition of separate sentences for allied offenses of similar import is contrary to law and such sentences are void. As such, *res judicata* does not preclude a court from correcting those sentences after a direct appeal. *Id.* at ¶ 2. Nonetheless, the Court reiterated that void sentence jurisprudence does *not* apply to challenges to a sentencing court's basic determination as to "whether offenses are allied." *Id.* at ¶ 24. The Court thus stated that "*** when a trial court finds that convictions are not allied offenses of similar import, or *when it fails to make any finding regarding whether the offenses are allied*, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of *res judicata*." *Id.* at ¶ 26, emphasis added.

**{¶17}** Recently, in *State ex rel. Cowan v. Gallagher*, --- N.E.3d ---, 2018-Ohio-1463, the Ohio Supreme Court clarified its *Williams* holding as follows: "*** [A] judgment of sentence is void in one particular circumstance: when the trial court determines that

multiple counts should be merged but then proceeds to impose separate sentences in disregard of its own ruling." *Id.* at ¶ 20, citing *Williams* at ¶¶ 28–29.

**{¶18}** In the case *sub judice*, our present review of the 2003 sentencing entry reveals the trial court was silent as to any finding regarding allied offenses. As such, we are compelled to apply the above rationale of the Ohio Supreme Court set forth in *Williams* and *Cowan.* Accordingly, we hold appellant's 2016 challenge to his sentencing based on an allied offense theory could have been raised as part of his direct appeal, and his present claim is therefore barred by *res judicata.*

**{¶19}** We do not wish to ignore that the trial court, upon appellant's renewed request to consider merger at the August 11, 2017 hearing, did render a ruling in the August 31, 2017 judgment entry under appeal that appellant's offenses of aggravated burglary and attempted murder were not allied offenses of similar import per R.C. 2941.25. However, while we do not seek to fault the trial court for doing so, "[a] limited resentencing must cover only the imposition of post-release control and the remainder of the sentence is valid under the principles of *res judicata.*" *State v. Valentine*, 5th Dist. Ashland No. 15-COA-020, 2015-Ohio-5396, ¶ 14. Similarly, "[b]ecause resentencing [to correct a PRC error] is limited to the imposition of post-release control, any additional action taken by the trial court with respect to the sentence is a nullity." *State v. Stiggers*, 9th Dist. Summit No. 25486, 2011-Ohio-4225, ¶ 6, citing *State v. Cool,* 9th Dist. Summit Nos. 25135 & 25214, 2011–Ohio–1560, ¶¶ 4–6.

**{¶20}** Accordingly, under the circumstances of the case *sub judice*, the trial court, following our remand, was not obligated to address the merits of merger of offenses at

all, and appellant therefore cannot show prejudicial error in the court's decision to reject same.

**{¶21}**  Appellant's sole Assignment of Error is therefore overruled.

**{¶22}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.

JWW/d 0703