[Cite as *State v. Mathews*, 2018-Ohio-3839.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 CA 50 |
| DANA MATHEWS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case No. 2004 CR 0531


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: September 24, 2018


APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
PROSECUTING ATTORNEY
JOSEPH C. SNYDER
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

DANA L.MATHEWS
PRO SE
940 Marion-Williamsport
Marion, Ohio 43302

*Wise, John, P. J.*

{¶1}   Appellant Dana Mathews appeals from his June 1, 2018 judgment entry of resentencing in the Court of Common Pleas, Richland County, stemming from his 2004 aggravated murder conviction. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   In September 2004, appellant was convicted in the Richland County Court of Common Pleas of aggravated murder with a firearm specification, attempted murder with a firearm specification, felonious assault with a firearm specification, having weapons under disability, and illegal possession of a firearm in a liquor premises. He was sentenced to an aggregate prison term of thirty years to life.

{¶3}   Appellant timely filed an appeal to this Court. We affirmed the judgment of conviction and sentence on February 8, 2006. *State v. Mathews*, 5th Dist. No 2004–CA–80, no official citation available. The Supreme Court of Ohio declined to accept appellant's *pro se* appeal on June 7, 2006, under case number 2006-0555.

{¶4}   On or about May 3, 2006, appellant filed a motion with this Court to reopen his appeal, which we subsequently denied.

{¶5}   In August 2017, appellant filed a motion in the trial court to vacate or waive payment of court costs. On October 10, 2017, the trial court denied the motion without a hearing. Appellant thereupon filed an appeal to this Court. Upon review, we concluded his argument was barred by the doctrine of *res judicata*. *See State v. Mathews*, 5th Dist. Richland No. 17CA92, 2018-Ohio-353, ¶13 (issued January 26, 2018).

{¶6}   On February 21, 2018, appellant filed a *pro se* motion for resentencing in the trial court. The State filed a response on March 7, 2018.

**{¶7}** The trial court conducted a hearing on May 31, 2018, at which time appellant was notified as to post-release control on Count 3. A resentencing entry, including the written post-release control notification, was issued on June 1, 2018.

**{¶8}** Appellant filed a *pro se* notice of appeal on June 18, 2018. He herein raises the following eight Assignments of Error:

**{¶9}** "I. TRIAL COURT'S RULING PERMITTING OTHER ACTS EVIDENCE, WAS SUCH AN EGREGIOUS VIOLATION OF STATE LAW THAT IT THEREBY VIOLATED APPELLANT'S 5TH & 14TH AMENDMENT RIGHTS TO DUE PROCESS AND RESULTED IN A FUNDAMENTALLY UNFAIR TRIAL, IN VIOLATION OF THE U.S. CONSTITUTION.

**{¶10}** "II. APPELLANT WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE OHIO AND U.S. CONSTITUTIONS.

**{¶11}** "III. WITNESS IN-COURT IDENTIFICATION OF APPELLANT WAS IMPERMISSIBLY SUGGESTIVE THEREBY VIOLATING APPELLANT'S 5TH & 14TH AMENDMENT RIGHT TO DUE PROCESS OF LAW IN VIOLATION OF THE U.S. CONSTITUTION.

**{¶12}** "IV. APPELLANT WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE U.S. CONSTITUTION.

**{¶13}** "V. APPELLANT WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE OHIO AND U.S. CONSTITUTIONS.

**{¶14}** "VI. APPELLANT WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE U.S. CONSTITUTION.

**{¶15}** "VII. APPELLANT WAS DENIED HIS 6TH & 14TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE U.S. CONSTITUTION.

**{¶16}** "VIII. APPELLANT'S 5TH & 14TH AMENDMENT RIGHT TO DUE PROCESS WERE [SIC] VIOLATED WHEN HE SUFFERED A CONVICTION THAT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE U.S. CONSTITUTION."

I., II., III., IV., V., VI., VII., VIII.

**{¶17}** In his eight Assignments of Error, appellant seeks to raise a number of issues pertaining to his 2004 trial and conviction, including "other acts" evidence, alleged ineffective assistance of trial counsel on several grounds, in-court identification by a witness, and sufficiency of the evidence.

**{¶18}** However, "[a] limited resentencing must cover only the imposition of post-release control and the remainder of the sentence is valid under the principles of *res judicata*." *State v. Valentine*, 5th Dist. Ashland No. 15-COA-020, 2015-Ohio-5396, ¶ 14; *State v. Franklin*, 5th Dist. Stark No. 2017 CA 00170, 2018-Ohio-2904, ¶ 19. In other words, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of post-release control is imposed is limited to issues arising at the resentencing hearing." *State v. Cottrill,* 5th Dist. Licking No. 10–CA–28, 2011–Ohio–4599, ¶ 15,

quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, paragraph four of the syllabus.

**{¶19}** Accordingly, we reject appellant's present attempt to revisit issues from his trial that he could have developed in his direct appeal in 2004, as these claims are now *res judicata* and are outside of any issues arising at the May 2018 post-release control resentencing hearing.

**{¶20}** Appellant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Assignments of Error are overruled.

**{¶21}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.


By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.


JWW/d 0913